JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Nicholas J. Reinhart, Nicholas J. Reinhart, III, and Sunset Express, Ltd.

### DEFENDANTS

Borough of Ephrata and PNC Bank, NA

**(b)** County of Residence of First Listed Plaintiff <u>Lancaster</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant <u>Lancaster</u>
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
**(d)**

Sara A. Austin, Esquire
Austin Law Firm, LLC
226 East Market Street
York, PA 17403 (717.846.2246)

Attorneys (If Known)

John P. Gonzales, Esquire (610) 354-8264
Marshall, Dennehey, Warner, Coleman & Goggin
620 Freedom Business Center, Suite 300, King of Prussia, PA 19406
Donna M. Donaher, Esquire (412.594.5533)
Tucker Arensberg, 1500 One PPG Place, Pittsburg, PA 15222
(Attorney for PNC, NA)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

X 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | X 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original Proceeding
X 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983

Brief description of cause:
Violation of Fourteenth Amendment Due Process and Equal Protection

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   Yes   X No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE N/A   DOCKET NUMBER _____

DATE   12/16/10   SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

I.    **CASE MANAGEMENT TRACK DESIGNATION FORM**

Nicholas J. Reinhart,                                          :    CIVIL ACTION

Nicholas J. Reinhart, III and Sunset Express,   :

v.                                                             :

Borough of Ephrata and PNC Bank, NA             :

:                                                    **NO.**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.          ( )

(b)    Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.               ( )

(c)    Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)    Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                       ( )

(e)    Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                          ( )

(f)    Standard Management--Cases that do not fall into any one of the other tracks.   (X)


| 12/16/10 | John P. Gonzales | Defendant |
|---|---|---|
| Date | Attorney-at-law | Attorney for |

| (610) 354-8264 | (610) 354-8299 | jpgonzales@mdwcg.com |
|---|---|---|
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA--DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:     450 Hertzog Valley Road, Denver, PA 17517

Address of Defendant:     124 South State Street, Ephrata, PA 17522

Place of Accident, incident or Transaction     Ephrata, PA

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

*RELATED CASE IF ANY*

Case Number :                      Judge                      Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No X

CIVIL: (Place 4in *ONE CATEGORY ONLY*)

*A. Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act--Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
   (Please specify)
10. ☐ Social Security Review Cases
11. ☐ All other Federal Questions Cases
    (please specify)

*B. Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability--Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate category)*

I,   John P. Gonzales, Esquire _____   of record do hereby certify:

☒   Pursuant to Local Civil Rule 8, Section 4(a)(2), that to the best of my knowledge and belief, the alleged damages
recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☐   Relief other than monetary damages is sought.

DATE:   12/16/10 _____   John P. Gonzales, Esquire _____   71265 _____

---

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P.38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously
terminated action in this court except as noted above.

DATE:   12/16/10 _____   John P. Gonzales, Esquire _____   71265 _____
                                        Attorney-at-Law                          Attorney I.D. #

CIV.609
(Rev. 9/99)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Nicholas J. Reinhart, Nicholas J. Reinhart, III, and Sunset Express, Ltd. | : Civil Action No. |
| | : |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| PNC Bank, NA, | : |
| Ephrata Police Officer John Doe #1, | : |
| Ephrata Police Officer John Doe #2, | : |
| Ephrata Police Officer John Doe #3 and | : |
| Borough of Ephrata | : |

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**

| | |
|---|---|
| Nicholas J. Reinhart, Nicholas J. Reinhart, III, and Sunset Express, Ltd. | : Civil Action No. 10-13522 |
| | : |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| PNC Bank, NA, | : |
| Ephrata Police Officer John Doe #1, | : |
| Ephrata Police Officer John Doe #2, | : |
| Ephrata Police Officer John Doe #3 and | : |
| Borough of Ephrata | : |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendant, the Borough of Ephrata, by and through their undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin and John P. Gonzales, Esquire, gives notice that the above-captioned matter is being removed from the Court of Common Pleas of Lancaster County, PA to the United States District Court for the Eastern District of Pennsylvania for the following reasons:

1. On November 10, 2010, the Plaintiffs, Nicholas J. Reinhart, Nicholas J. Reinhart, III and Sunset Express, Ltd., filed a Complaint in the Court of Common Pleas of Lancaster County at Docket No. 10-13522. (A copy of the Complaint is filed as Exhibit "A").

2. On November 24, 2010, the Plaintiffs' Complaint in the Lancaster County Court of Common Pleas was served on the Defendant, the Borough of Ephrata.

3. Plaintiffs' Complaint sets forth federal questions within the original jurisdiction of this Court including those that allege the Plaintiffs' federal statutory rights were violated. These include the following counts:

> Count VIII – Civil Rights Violation – 42 U.S.C. § 1983 against the Borough of Ephrata.

4. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and § 1343, and therefore, this action is one which may be removed to this Court by Notice pursuant to 28 U.S.C. § 1441 and § 1446.

5. This Notice of Removal is being filed within thirty (30) days after the receipt of the underlying Complaint against the Defendant.

6. Venue in this District is appropriate because the underlying cause of action was filed in Lancaster County which is part of this Eastern District of Pennsylvania.

7. Notice of Removal has been served this day upon counsel for Plaintiffs and forwarded to the Prothonotary of the Court of Common Pleas of Lancaster County, Pennsylvania.

8. This Notice of Removal is signed pursuant to Fed.R.Civ.P. 11.

**WHEREFORE**, Defendant, Borough of Ephrata, respectfully requests this Court permit the removal of this action from the Court of Common Pleas of Lancaster County, PA to the United States District Court for the Eastern District of Pennsylvania.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN


_____
JOHN P. GONZALES, ESQUIRE
Attorney for Defendant, Borough of Ephrata

DATE: _12/16/10_

## **VERIFICATION**

JOHN P. GONZALES, ESQUIRE, hereby states that he is attorney for Defendant, Borough of Ephrata, herein and verifies that the statements made in the foregoing Notice of Removal are true and correct to the best of his knowledge, information, and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. section 4904 relating to unsworn falsification to authorities.

JOHN P. GONZALES, ESQUIRE

DATED: 12/16/10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nicholas J. Reinhart, Nicholas J. Reinhart, III, and Sunset Express, Ltd. | : | Civil Action No. |
| | : | |
| | : | |
| v. | : | **Jury Trial Demanded** |
| | : | |
| PNC Bank, NA, | : | |
| Ephrata Police Officer John Doe #1, | : | |
| Ephrata Police Officer John Doe #2, | : | |
| Ephrata Police Officer John Doe #3 and | : | |
| Borough of Ephrata | : | |

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Nicholas J. Reinhart, Nicholas J. Reinhart, III, and Sunset Express, Ltd. | : | Civil Action No. 10-13522 |
| | : | |
| | : | |
| v. | : | **Jury Trial Demanded** |
| | : | |
| PNC Bank, NA, | : | |
| Ephrata Police Officer John Doe #1, | : | |
| Ephrata Police Officer John Doe #2, | : | |
| Ephrata Police Officer John Doe #3 and | : | |
| Borough of Ephrata | : | |

## CERTIFICATE OF SERVICE

I, JOHN P. GONZALES, ESQUIRE, being duly sworn according to law, hereby certify that Notice of Removal was forwarded to all counsel of record on the below listed date and was sent via first class mail, postage prepaid to the last known address of other parties or their representatives.

Sara A. Austin, Esquire
Austin Law Firm, LLC
226 East Market Street
York, PA 17403

Donna M. Donaher, Esquire
Tucker Arensberg
1500 One PPG Place
Pittsburg, PA 15222

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

_____

JOHN P. GONZALES, ESQUIRE
Attorney for Defendant, Borough of Ephrata

DATE: _12/16/10_

# EXHIBIT "A"

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Lancaster _____ County

**RECEIVED**
NOV 24 2010
**BOROUGH OF EPHRATA**

For Prothonotary Use Only:
Docket No:
10 - 13522

ENTERED
10 NOV 24 AM 8:33

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Notice of Appeal
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** Nicholas J. Reinhart

**Lead Defendant's Name:** PNC Bank, NA

- [ ] Check here if you are a Self-Represented (Pro Se) Litigant

Name of Plaintiff/Appellant's Attorney: Sara A. Austin, Esq., Austin Law Firm, LLC

| Are money damages requested? : [X]Yes  [ ] No | Dollar Amount Requested: (Check one) | ____ within arbitration limits  XX outside arbitration limits |

Is this a *Class Action Suit?*  [ ] Yes  [X] No

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Zoning Board
- [ ] Statutory Appeal: Other

Judicial Appeals
- [ ] MDJ - Landlord/Tenant
- [ ] MDJ - Money Judgment
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [X] Replevin
- [ ] Other:

Pa.R.C.P. 205.5                                                                 2/2010

LANCASTER COUNTY
PROTHONOTARY
**CIVIL COVER SHEET**
PLEASE STAPLE THIS COVER SHEET BEHIND THE STATE-WIDE CIVIL COVER SHEET
(IF APPLICABLE)

_ZIP CODES ARE REQUIRED & INFORMATION MUST MATCH PLEADING_

CASE ID:  10 - 1 3 5 2 2

| PLAINTIFF'S NAME | VS | DEFENDANT 'S NAME |
|---|---|---|
| **Nicholas J. Reinhart** | | **PNC Bank** |

ADDRESS:                                        ADDRESS:
450 Hertzog Valley Road                         280 North Reading Road
Denver, PA 17517                                Ephrata, PA  17522

TELEPHONE #:
610-909-4500                                    (717) 733-7937

PLEASE LIST NAMES, ADDRESSES OF ADDITIONAL PARTIES ON A SEPARATE SHEET.
** Additional Parties Listed
**Name of Firm and Filing Attorney OR Filing Party, Address, Telephone Number,  AOPC Number**

<u>Firm:</u>

<u>Filing Attorney/ Party:</u>                  <u>AOPC #</u>
Sara A. Austin, Esquire                         59052
Austin Law Firm, LLC

<u>Address:</u>
226 East Market Street

<u>City:</u>                  <u>State:</u>                  <u>Zip Code:</u>
York                        PA                          17403

<u>Telephone Number:</u>
717-846-2246

REV 5/2010

Plaintiff

Nicholas J. Reinhart, III
17 Cowpath Lane
Denver, PA 17517

717-471-0072


Sunset Express, Ltd.
3511 Silverside Rd., Ste. 105
Wilmington, DE 19810

Defendant

Ephrata Police Officer John Doe, #1
c/o Borough of Ephrata
124 South State Street
Ephrata, PA  17522

717-738-9222


Ephrata Police Officer John Doe, #2
c/o Borough of Ephrata
124 South State Street
Ephrata, PA  17522

717-738-9222


Ephrata Police Officer John Doe, #3
c/o Borough of Ephrata
124 South State Street
Ephrata, PA  17522

717-738-9222


Borough of Ephrata
124 South State Street
Ephrata, PA  17522

717-738-9222

Sara A. Austin, Esquire
ID # 59052
Austin Law Firm, LLC
226 East Market Street
York, PA  17403
717-846-2246

ENTERED AND FILED

10 NOV -1  AM 8: 33

PROTHONOTARY'S OFFICE
LANCASTER, PA

NICHOLAS J. REINHART,                     : IN THE COURT OF COMMON PLEAS
NICHOLAS J. REINHART, III, and            : of LANCASTER COUNTY, PENNA.
SUNSET EXPRESS LTD.,                      :
                    Plaintiffs            :
                                          : NO.:     10 - 13522
          vs.                             :
                                          :
PNC BANK NA, EPHRATA POLICE               : CIVIL ACTION – LAW & EQUITY
OFFICER JOHN DOE #1, EPHRATA              :
POLICE OFFICER JOHN DOE #2,               :
EPHRATA POLICE OFFICER JOHN               :
DOE #3, and BOROUGH OF EPHRATA            :
                    Defendants            :

### NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following
pages, you must take action within twenty (20) days after this complaint and notice are served by
entering a written appearance personally or by attorney and filing in writing with the court your
defenses or objections to the claims set forth against you. You are warned that if you fail to do so
the case may proceed without you and a judg-ment may be entered against you by the court
without further notice for any money claimed in the complaint or for any other claim or relief
quested by the plaintiff.   You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT
HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A
LAWYER.**

(balance of page intentionally left blank)

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSON AT A REDUCED FEE OR NO FEE.**

Lancaster Bar Association
Lawyer Referral Service
28 East Orange Street
Lancaster, PA 17602
Telephone: 717-393-0737

Sara A. Austin, Esquire
ID # 59052
Austin Law Firm, LLC
226 East Market Street
York, PA 17403
717-846-2246

ENTERED AND FIL
10 NOV -1 AM 8: 34
PROTHONOTARY'S OFFICE
LANCASTER, PA

| | |
|---|---|
| NICHOLAS J. REINHART,<br>NICHOLAS J. REINHART, III, and<br>SUNSET EXPRESS LTD.,<br>Plaintiffs<br><br>vs.<br><br>PNC BANK NA, EPHRATA POLICE<br>OFFICER JOHN DOE #1, EPHRATA<br>POLICE OFFICER JOHN DOE #2,<br>EPHRATA POLICE OFFICER JOHN<br>DOE #3, and BOROUGH OF EPHRATA<br>Defendants | : IN THE COURT OF COMMON PLEAS<br>: of LANCASTER COUNTY, PENNA.<br>:<br>:<br>: NO.: 10 - 13522<br>:<br>:<br>: CIVIL ACTION – LAW & EQUITY<br>:<br>:<br>:<br>: |

## COMPLAINT

AND NOW, TO WIT, this _21_ day of October, 2010, come the Plaintiffs, Nicholas J. Reinhart, Nicholas J. Reinhart, III, and Sunset Express Ltd., by and through their attorney, Sara A. Austin, Esq., AUSTIN LAW FIRM, LLC, and do aver the following:

### PARTIES

1. Plaintiff Nicholas J. Reinhart is an adult individual with a business address at 515 Reading Road, Ephrata, PA (hereinafter Plaintiff Father).

2. Plaintiff Nicholas J. Reinhart, III, is an adult individual with a business address at 515 Reading Road, Ephrata, PA (hereinafter Plaintiff Son).

3. Plaintiff Sunset Express Ltd., is a Delaware corporation with an address of 3511 Silverside Rd., Ste. 105, Wilmington, DE 19810 (hereinafter Plaintiff Corporation).

4.   Defendant PNC Bank, NA is a national banking association having a local place of regular business at 280 North Reading Road, Ephrata, Lancaster County, Pennsylvania (hereinafter "PNC").

5.   Defendant Ephrata Police Officer John Doe #1 is a police officer for the Borough of Ephrata, which has its police department headquartered at 124 South State Street, Ephrata, Lancaster County, Pennsylvania.

6.   Defendant Ephrata Police Officer John Doe #2 is a police officer for the Borough of Ephrata, which has its police department headquartered at 124 South State Street, Ephrata, Lancaster County, Pennsylvania.

7.   Defendant Ephrata Police Officer John Doe #3 is a police officer for the Borough of Ephrata, which has its police department headquartered at 124 South State Street, Ephrata, Lancaster County, Pennsylvania.

8.   Defendant Borough of Ephrata is a Pennsylvania municipality having as its primary business address 124 South State Street, Ephrata, Lancaster County, Pennsylvania (hereinafter "Boro").

## JURISDICTION

9.   Pennsylvania has jurisdiction and proper venue for this case sits in Lancaster County, because most of the parties reside in and all of the events giving rise to this cause of action occurred in Lancaster County, Pennsylvania.

## FACTS

10. Plaintiff Father is the sole member of Plaintiff Corporation, which owns a boat, identified as a 2002 BLACK THUNDER 43 EXPRESS, S/N DON43VG8F102, with two 2002 MERCRUISER 500HP GAS motors S/N OM050154 and OM050136 (hereinafter the "Boat").

11. In this action, Plaintiff Father is acting on behalf of himself and Plaintiff Corporation; references to the former shall be deemed to also include the latter.

12. On October 15, 2010, PNC, through a repossession agent, appeared at Plaintiffs' business for the purpose of taking possession of the Boat.

13. PNC has no legal possessory or re-possessory interest in the Boat, contract or otherwise.

14. At the time PNC's repossession agent appeared at Plaintiffs' place of business, Plaintiff Son asked the agent to leave the premises; this occurred four (4) times, but the agent did not leave.

15. Plaintiff Son also prohibited the agent's access to the Boat, which was behind closed doors, by physically standing in front of the first door.

16. PNC's agent did not leave, but because Plaintiff Son was physically blocking access, PNC's agent telephoned the Ephrata Police Department for assistance.

17. Three officers from the Ephrata Police Department appeared at the scene – Officers John Doe #1, #2, and #3 (hereinafter jointly referred to as the "Defendant Officers").

18. All three Defendant Officers were in full police uniform.

19. All three Defendant Officers were armed.

20. All three Defendant Officers arrived in marked police vehicles.

21. At least one police vehicle had activated emergency lights.

22. The Defendant Officers ordered Plaintiff Son to move away from the access point; Plaintiff Son explained the situation, after which an Officer ordered Plaintiff Son to move out of the way.

23. At that point, Plaintiff Son felt compelled to comply.

24. Plaintiff Son, in response to the orders of the Defendant Officers, removed himself from the access point to the business premises and Boat.

25. One of the Defendant Officers, a female, then pushed the first door out of Plaintiff Son's hands and began touching and punching the keypad(s) that activate the entrance doors to Plaintiffs' business until she found a button that opened a back door, thus assisting PNC's agent in breaking and entering for the purposes of repossession.

26. During this time period, one of the Defendant Officers said to Plaintiff Son, "I hope I don't get in trouble".

27. Pennsylvania law prohibits breaking and entering for the purposes of repossession absent a court order.

28. PNC had no Order permitting it to break and enter Plaintiffs' premises for the purpose of repossession.

29. The Boat was situated on a trailer in which PNC has neither a possessory nor a re-possessory interest.

30. After the Defendant Officers opened the doors, PNC's agent repossessed the Boat and the trailer, during which repossession the Boat was damaged.

31. The Boat is rare and one of a kind in both build and appearance, as it has many custom features and a custom paint job, many of which customizations were undertaken after Plaintiffs.

## Count I – REPLEVIN v. PNC

32. Paragraphs 1 through 29 are incorporated herein as if restated at length.

33. The boat is valued in the $200,000-$250,000.00 range.

34. According to notification from PNC, the Boat is currently located at National Liquidators, 5401 N Marginal Rd., Cleveland, OH 44114.

35. PNC has no legal possessory interest in the boat.

WHEREFORE, Plaintiffs pray this Honorable Court to issue a Writ of Seizure/Replevin and order the Lancaster County Sheriff to seize the boat from PNC or its agent or any non-party entity/person who may currently be in possession of the Boat, to turn over the Boat to Plaintiffs after the appropriate statutory time period, and for such other relief as may be just and proper.

## Count II – Preliminary Injunction v. PNC

36. Paragraphs 1 through 35 are incorporated herein as if restated at length.

37. In the alternative, should Plaintiffs not prevail in Replevin, Plaintiffs Father and Corporation will not have an adequate remedy at law to stop the waste of and further damage to the Boat or to stop PNC from disposing of the Boat by sale or otherwise.

38. Should PNC dispose of the Boat, Plaintiffs Father and Corporation will be irreparably harmed due to the Boat's uniqueness – there are no other boats just like this Boat.

39. Plaintiffs Father and Corporation are highly likely to prevail in the instant action.

WHEREFORE, Plaintiffs pray this Honorable Court to enter a Preliminary Injunction maintaining the status quo and prohibiting PNC from damaging, selling or otherwise disposing of the Boat, requiring PNC to take all proper care of the Boat pending resolution of the instant action, and for such other relief as may be just and proper.

## Count III – Conversion v. PNC

40. Paragraphs 1 through 39 are incorporated herein as though fully set forth.

41. Plaintiffs Father and Corporation own or have the only right to possession of both the Boat and the trailer.

42. PNC has no lawful possessory interest in either the Boat or the trailer.

43. Possession of the Boat and trailer by PNC (through its agent) is wrongful.

44. The act of taking possession of the Boat and trailer by PNC, through its agent, was wrongful.

45. Plaintiffs Father and Corporation have not been able to use and enjoy the Boat and trailer since PNC took possession thereof, such that they are entitled to damages for such loss.

46. Plaintiffs Father and Corporation are entitled to damages equal to the fair market value of the Boat and trailer if PNC fails to return same.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court to enter judgment in favor of the Plaintiffs and against Defendant PNC in an amount above the mandatory arbitration limit, same to be established at trial, and for such other relief as may be just and proper.

## Count IV– Trespass v. PNC

47. Paragraphs 1 through 46 are incorporated herein as though fully set forth.

48. PNC's agent came onto Plaintiffs' property and refused to remove himself upon Plaintiffs' multiple requests.

49. Once Plaintiffs requested PNC's agent to remove himself, said agent no longer had a lawful reason to be on Plaintiffs' property.

50. PNC's agent trespassed on Plaintiffs' property.

51. PNC is liable for the conduct of its agents.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court to enter judgment in favor of the Plaintiffs and against Defendant PNC in an amount above the mandatory arbitration limit, same to be established at trial, and for such other relief as may be just and proper.

## Count V – Breach of Peace v. PNC

52. Paragraphs 1 through 51 are incorporated herein as though fully set forth.

53. PNC's agent caused a breach of peace at, on, and around the property of the Plaintiffs and at, near and around the persons of the Plaintiffs.

54. PNC is liable for the conduct of its agents.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court to enter judgment in favor of the Plaintiffs and against Defendant PNC in an amount above the mandatory arbitration limit, same to be established at trial, and for such other relief as may be just and proper.

## Count VI – Civil Rights Violation- 42 U.S.C. §1983 v. Defendant Officers

55. Paragraphs 1 through 54 are incorporated herein as though fully set forth.

56. The Defendant Officers violated the civil rights of Plaintiff Son by ordering him to remove himself from an area where he had a lawful and legal right to be (his own business).

57. Plaintiff Son reasonably did not feel free to stay and, on the contrary, felt compelled to move.

58. The Defendant Officers had no lawful or legal authority – i.e. no pending emergency, court order, probable cause, or reasonable suspicion – upon which they relied in ordering Plaintiff Son to remove himself from his own property.

59. The removal of Plaintiff Son by order of the Defendant Officers amounts to an illegal seizure of his person in violation of the United States Constitution.

60. The Defendant Officers violated the civil rights of Plaintiff Son in that they were acting under color of law while violating Plaintiff Son's constitutional rights.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court to enter judgment in favor of Plaintiff Son and against the Defendant Officers in an amount above the mandatory arbitration limit, same to be established at trial, and for such other relief as may be just and proper.

### Count VII – Civil Rights Violation- 42 U.S.C. §1983 v. Defendant Officers

61. Paragraphs 1 through 60 are incorporated herein as though fully set forth.

62. Plaintiffs Father and Corporation had the right to prohibit access to the Boat to PNC.

63. Plaintiffs Father and Corporation had the right to legal due process of complaint and answer in order for PNC to prove a legal possessory interest in the Boat.

64. The Defendant Officers, acting under color of law, violated Plaintiffs Father's and Corporation's constitutional right to due process and equal protection by aiding PNC (through its agent) in taking possession (a civil matter) by way of breaking and entering and breaching the peace.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court to enter judgment in favor of Plaintiffs Father and Corporation and against the Defendant Officers in an amount above the mandatory arbitration limit, same to be established at trial, and for such other relief as may be just and proper.

### Count VIII – Civil Rights Violation- 42 U.S.C. §1983 v. Boro

65. Paragraphs 1 through 64 are incorporated herein as though fully set forth.

66. Plaintiffs had the right to prohibit access to the Boat to PNC.

67. Plaintiffs Father and Corporation had the right to legal due process of complaint and answer in order for PNC to prove a legal possessory interest in the Boat.

68. The Defendant Officers, acting under color of law, violated Plaintiffs Father's and Corporation's constitutional right to due process and equal protection by aiding PNC (through its agent) in taking possession (a civil matter) by way of breaking and entering and breaching the peace.

69. The Boro did not properly train its police officers in the use of appropriate force.

70. The Boro did not properly train its police officers in when they can or cannot aid in civil repossessions.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court to enter judgment in favor of Plaintiffs and against the Boro in an amount above the mandatory arbitration limit, same to be established at trial, and for such other relief as may be just and proper.

Respectfully submitted,

Sara A. Austin, Esq.
ID No. 59052
Austin Law Firm LLC
226 E. Market St.
York, PA  17403
Telephone (717) 846-2246
Attorney for Plaintiffs

## VERIFICATION

The undersigned hereby verify that the information set forth in the foregoing document is true and correct to the best of their knowledge, information and belief. They understand that any false statements contained herein are subject to the penalties relating to unsworn falsification to authorities.

DATE:    10/29/10

NICHOLAS J. REINHART individually and
on behalf of Sunset Express Ltd.

DATE:    10/29/10

NICHOLAS J. REINHART III