# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS J. REINHART, NICHOLAS J. REINHART, III, and SUNSET EXPRESS, LTD., : Plaintiffs, : v. : : PNC BANK, NA, EPHRATA POLICE OFFICER JOHN DOE #1, EPHRATA POLICE OFFICER JOHN DOE #2, EPHRATA POLICE OFFICER JOHN DOE #3, AND BOROUGH OF EPHRATA, : Defendants. : : PNC BANK, NA, : Third-Party Plaintiff : v. : : G. ROBERT TONEY AND ASSOCIATES INC., dba NATIONAL LIQUIDATORS, : Third-Party Defendant : | Case No. 5:10-CV-07384 |

## BRIEF IN OPPOSITION TO DEFENDANT PNC's MOTION FOR RELIEF FROM ORDER GRANTING PRELIMINARY INJUNCTION

AND NOW, TO WIT, this 10th day of August, 2011, come the Plaintiffs, Nicholas J. Reinhart, Nicholas J. Reinhart, III, and Sunset Express, Ltd., by and through their counsel, Sara A. Austin, Esq., AUSTIN LAW FIRM LLC, and do file this Brief in Opposition, as follows:

FACTUAL AND PROCEDURAL BACKGROUND

Much of what Defendant PNC sets forth in this section of its Brief in Support is correct; however, much is also bootstrapping and therefore a red herring for this Court.

It is correct that on 11/1/10, Plaintiffs initiated the underlying state court suit, making various claims arising from the unlawful repossession of Plaintiffs' 2002 Black Thunder boat and two engines (hereinafter the "Boat"). Immediately after filing, Plaintiffs sought a preliminary injunction; the state court entered such order 11/1/10, prohibiting PNC from selling, leasing, renting, or otherwise disposing of the Boat until final resolution of the case.

Thereafter, the case was removed to this Court. PNC filed its Answer, Affirmative Defenses and Counterclaims. Therein, PNC asserted that because it holds a security interest in the Boat and loan payments were allegedly in default, it had the right to repossess the Boat in the manner it did. PNC also filed a Third-Party Complaint against its agent, G. Robert Toney and Associates dba National Liquidators (hereinafter "Agent"), alleging that if PNC is found liable to Plaintiffs, then Agent is liable over to PNC.

On 6/15/11, PNC filed the underlying Motion for Relief from Preliminary Injunction. PNC filed its Brief in Support of that Motion on or about 7/27/11. In its Brief in Support, PNC again asserts that because it holds a security interest in

the Boat and loan payments were allegedly in default, it had the right to repossess the Boat as it did. PNC also asserts various amounts allegedly due on account of interest and storage fees.

This is Plaintiffs' Brief in Opposition to PNC's Motion for Relief.

## ISSUE

WHETHER THE PRELIMINARY INJUNCTION SHOULD CONTINUE IN FULL FORCE AND EFFECT?

Suggested response: in the affirmative.

## LEGAL ARGUMENT

For a third time[1], PNC tries to bootstrap its way into getting this Court to lift the preliminary injunction by asserting its secured lien, an alleged monetary default by Plaintiffs, and alleged interest and storage fee amounts. Unfortunately for PNC, that is not sufficient.

PNC is correct as to the requirements for entry of a preliminary injunction. PRCP 1531(a) provides:

> A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

---

[1] First in the underlying Motion for Relief, second in the Factual Background section of its Brief in Support, and again in the Argument section of its Brief in Support.

3

In this case, the state court was satisfied and entered an Order putting in place a preliminary injunction during the pendency of the case.

It is only now that PNC is being asked to pay the storage fees being charged to it by Agent that PNC seeks to dispose of the Boat (or otherwise recoup monies on account of the Boat it repossessed). Plaintiffs note that since the Boat was repossessed on 10/15/10 -- almost 10 months ago! -- they have had neither access to nor use of the Boat. It has been prime boating season for over 2 months now; Plaintiffs would like the Boat back, in its same condition as immediately prior to repossession, so that they can avail themselves of it[2].

PRCP 1531(d) provides (in relevant part):

> An injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held … as the court upon cause shown shall direct.

The Order entered in this case by the state court put in place a preliminary injunction pending final resolution of the case based on the highly individual and customized nature of the boat (as allowed by the Rule). It is that custom nature (along with PNC's oversecured status and the reasonable likelihood that Plaintiff will prevail on the merits) that wins the day for Plaintiffs in the face of PNC's Motion for Relief from the preliminary injunction.

---

[2] Plaintiffs would also like the trailer on which the Boat was removed from their premises returned. The trailer is not titled in the name of PNC nor does PNC have any security interest in the Boat. PNC volunteered to return the trailer to Plaintiffs, but in order not to further damage the Boat, Plaintiffs have allowed it to remain on the trailer.

In its Brief in Support, PNC correctly sets forth the relevant prongs for determination of whether a preliminary injunction should continue. They are that a plaintiff must show (1) irreparable harm, and (2) a reasonable likelihood of prevailing on the merits. PNC's Brief in Support, p.3 (cites omitted). The evidence here just does not support PNC's request.

<u>Irreparable Harm</u>

Irreparable harm is shown if the moving party demonstrates a harm that cannot be adequately compensated after the fact by monetary damages. <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 485 (3rd Cir. 2000). *See also*, <u>Acierno v. New Castle Cty.</u>, 40 F.3d 645, 653 (3rd Cir. 1994)(cite om.). Mere economic loss is not irreparable. <u>Id.</u>; *see also,* <u>Arthur Treachers' Franchise Litig</u>., 689 F.2d 1137, 1146 (3rd Cir. 1982); <u>Frank's GMC Truck Center, Inc. v. General Motors Corp.,</u> 847 F.2d 100 (3rd Cir. 1987); <u>Morton v. Beyer</u>, 822 F.2d 364 (3rd Cir. 1987). It is that lack of adequate compensation by monetary damage that is applicable here.

The custom nature of the boat defeats PNC's motion. As set forth in Paragraph 31 of Plaintiffs' Complaint, "The Boat is rare and one of a kind in both build and appearance, as it has many custom features and a custom paint job, many of which customizations were undertaken after Plaintiffs." The Boat was customized

such that at the time of repossession[3] its value was closer to $250,000, an amount far in excess of the amount set forth by PNC in Paragraph 12 of its Motion; PNC is clearly oversecured.  Further, while ordinarily PNC's unlawful repossession of the Boat – assuming no attendant harm by PNC or Agent including but not limited to jostling, scratching, lack of winterization, freezing, and the like -- would result in a decrease in the value of the Boat, due to its custom nature here the value is not declining.

Further, the fact that PNC is oversecured works against it, in that it has an equity cushion protecting its secured lien even should Plaintiffs not prevail on the merits.  On the other hand, if PNC is permitted to dispose of the Boat and Plaintiffs do prevail, they cannot get back the Boat into which they poured their time, money and hearts.  Monetary damages alone will not adequately compensate Plaintiffs if PNC disposes of the Boat; lifting the preliminary injunction is inappropriate and not warranted by law.

<u>Reasonable Likelihood of Prevailing</u>

The underlying loan documents between the parties permit repossession of the Boat *only without breach of the peace*.  It is for that reason that Plaintiffs filed the instant suit.

---

[3] Barring any harm to the boat by PNC or its agent during or after repossession including but not limited to jostling, scratching, lack of winterization, freezing, etc.

It is irrelevant whether or not PNC is owed money, how much, or even if PNC is properly secured in the Boat; what is relevant, and what forms the basis of the underlying complaint, is that even if PNC had the right to repossess the Boat, it had that right <u>only without a breach of the peace</u>.  PNC admits in its Answer that it did not have a break and enter order, such that repossession could only occur without a breach of the peace; since that is NOT what happened, Plaintiff has a great likelihood of prevailing on the merits.

Further, a finding of a likelihood of final success does not require that there be no doubts, just evidence showing a reasonable probability of success.  <u>Trefelner v. Burnell School Dist.</u>, 655 F.Supp.2d 581, 589 (W.D.Pa. 2009)(cite om.).  The mere possibility the claim might be defeated at trial does not preclude entry of a preliminary injunction.  <u>Stilp v. Contino</u>, 629 F.Supp.2d 449, 457 (M.D.Pa. 2009), aff'd & remanded, 613 F.3d 405 (3rd Cir. 2010), on remand, 743 F.Supp.2d 460 (M.D.Pa. 2010).

CONCLUSION

As set forth above, it is clear that Plaintiffs have a good likelihood of prevailing on the merits in this suit.  Further, due to the customized nature of the boat, mere monetary damages cannot compensate Plaintiffs for their irreparable losses.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny and dismiss PNC's Motion for Relief from Order Granting Preliminary Injunction, and for such other relief as may be just and proper.

RESPECTFULLY SUBMITTED,

/s/ Sara A. Austin
Sara A. Austin, Esq.
AUSTIN LAW FIRM LLC
226 E. Market St.
York, PA  17403
ID No. 59052
(717) 846-2246 phone
(717) 846-2248 fax
saustin@austinlawllc.com

**CERTIFICATE OF SERVICE**

    The undersigned does certify that this 10th day of August 2011, a true and correct copy of the foregoing document was or will be served on the following by the means noted:

John P. Gonzales, Esq.
    Counsel for Defendant Borough of Ephrata
    (electronic service)

Donna M. Donaher, Esq.
    Counsel for PNC Bank NA
    (electronic service)

Daniel H. Wooster, Esq.
    Counsel for Toney & Assoc.
    (electronic service)

Patrick E. Novak, Esq.
    Counsel for Toney & Assoc.
    (electronic service)

                                              /s/ Sara A. Austin
                                              Sara A. Austin, Esq.